AB:JOE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

EMELINDA PAULINO DE RIVAS,

        Defendant.

C O M P L A I N T

(21 U.S.C. §§ 952(a) & 960)

No.   22-MJ-

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

EASTERN DISTRICT OF NEW YORK, SS:

        ALEXA AMALBERT, being duly sworn, deposes and states that she is a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations, duly appointed according to law and acting as such.

        On or about November 10, 2022, within the Eastern District of New York and elsewhere, the defendant EMELINDA PAULINO DE RIVAS did knowingly and intentionally import one or more controlled substances into the United States from a place outside thereof, which offense involved a substance containing cocaine, a Schedule II controlled substance.

        (Title 21, United States Code, Sections 952(a) and 960)

        The source of your deponent's information and the grounds for her belief are as follows:[1]

        1.    I am a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations ("HSI") and have been involved in the investigation

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

of numerous cases involving drug trafficking, including those involving the trafficking of cocaine. I am familiar with the facts and circumstances set forth below from my participation in the investigation; my review of the investigative file; and from reports of other law enforcement officers involved in the investigation.

2. On or about November 10, 2022, the defendant EMELINDA PAULINO DE RIVAS arrived at Terminal 4 at John F. Kennedy International Airport ("JFK") in Queens, New York on a flight from Punta Cana, Dominican Republic.

3. As the defendant passed through Immigration and Customs, officers from United States Customs and Border Protection ("CBP") stopped the defendant for a secondary inspection. The defendant was traveling in a black motorized wheelchair with one carry-on bag.

4. While CBP officers inspected the defendant's carry-on bag, they observed that the defendant was fidgeting in her wheelchair and that her carotid artery was pumping violently.

5. CBP officers also noticed that the wheels on the defendant's wheelchair appeared fake and did not spin as the wheelchair moved.

6. Prior to being placed into custody or under arrest, CBP officers asked the defendant whether there was anything in the wheelchair. In response, the defendant acknowledged, in sum, substance and in part, that she knew there was something in the wheelchair but that she didn't know what it was.

7. CBP officers then x-rayed the wheelchair, which revealed an anomaly in all four of its tires. CBP officers' inspection of the tires revealed that they contained a white powdery substance protruding from the tires.

8. A CBP officer field-tested the white powdery substance in one of the wheels, which tested positive for cocaine. The combined weight of the four tires was approximately 12.50 kilograms.

WHEREFORE, your deponent respectfully requests that the defendant EMELINDA PAULINO DE RIVAS be dealt with according to law.

/s/ Alexa Amalbert
ALEXA AMALBERT
Special Agent
United States Department of Homeland Security,
Homeland Security Investigations

Sworn to before me by telephone this
12th day of November, 2022

/s/ Roanne L. Mann

HONORABLE ROANNE L. MANN
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK